■ In the Matter of Lawrence Palmateer III, Petitioner, v Thomas P. DiNapoli, as State Comptroller, et al., Respondents. [985 NYS2d 325]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for performance of duty disability retirement benefits.

Petitioner, a correction officer, filed applications for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-b, alleging that he was permanently incapacitated due to injuries to his knees sustained in August 2007 and July 2009.* The applications were initially denied and petitioner requested a redetermination. Following a hearing, the Hearing Officer upheld the denial, concluding that petitioner's permanent disability was not the result of an act of an inmate. Respondent Comptroller adopted the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

We confirm. It is uncontroverted that petitioner is permanently incapacitated from performing the duties of a correction officer. Therefore, petitioner bore the burden of demonstrating that his incapacity was the natural and proximate result of "an act of any inmate" (Retirement and Social Security Law § 507-b [a]; see Matter of Stimmer v DiNapoli, 98 AD3d 1216, 1216-1217 [2012]). Although interpreting the meaning of an "act of any inmate" is an issue of first impression relative to Retirement and Social Security Law § 507-b, which provides performance of duty disability retirement benefits for correction officers employed by the Department of Corrections and Community Supervision, this Court has previously interpreted the identical language found in Retirement and Social Security Law § 607-c, which provides such benefits for county-employed correction officers (see Retirement and Social Security Law § 607-c [a]). This Court has held that the phrase "act of any inmate" as used in Retirement and Social Security Law § 607-c requires that the petitioner demonstrate that his or her injuries were "caused by direct interaction with an inmate" (Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lv denied 3 NY3d 608 [2004]; see Matter of Davis v DiNapoli, 56 AD3d 933, 934 [2008]).

Petitioner testified that, in August 2007, he was seated at a desk when he heard an inmate cry out for help. As he went to get up quickly, he planted his right leg; his right knee gave out and he fell, injuring both knees. In July 2009, petitioner was seated at a desk when he heard a commotion in the shower

---

* Although petitioner originally alleged that he was also entitled to performance of duty disability retirement benefits as the result of various injuries to his neck, back, shoulder, groin and hand, sustained between 1991 and 2009, those claims were withdrawn.

room that he believed to be an altercation between inmates. Again, he got up quickly and, when he planted his right leg, his right knee gave out, causing him to fall. We reject petitioner's contention that, inasmuch as he was responding to a potential emergency involving inmates, his injuries were the natural and proximate result of an act of an inmate. Any connection between his injuries and the inmate conduct here is too attenuated to form a basis for an award of performance of duty disability retirement benefits (*see Matter of Davis v DiNapoli*, 56 AD3d at 934; *Matter of Egiziaco v Office of Comptroller of State of N.Y.*, 15 AD3d 747, 748 [2005]; *Matter of Escalera v Hevesi*, 9 AD3d at 667). Accordingly, the Comptroller's determination will not be disturbed.

Peters, P.J., Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.