*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    520762
_____

In the Matter of HELENA T.
    LAURINO,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____


Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

                        _____


        Bartlett, McDonough & Monaghan, LLP, White Plains (Ryan K.
Allen of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                        _____


Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for performance of duty disability retirement
benefits.

        Petitioner, a correction officer, worked in the Regional
Medical Unit at Fishkill Correctional Facility.  On June 4, 2011,
she was stationed at a desk near the recreation area when an
inmate informed her that another inmate was having a seizure.
She found the inmate walking in a daze and, as she and a nurse
slowly lowered him to the floor, he went limp and started to

fall.  The inmate did not struggle or strike petitioner while she was holding on to him; nevertheless, she injured her right shoulder while guiding his fall.  As a result of this incident, she filed an application for performance of duty disability retirement benefits under Retirement and Social Security Law § 507-b.  Her application was denied on the ground that her injury was not the result of an act of an inmate.  Following a hearing, a Hearing Officer agreed and recommended that petitioner's application be denied.  Respondent accepted the Hearing Officer's recommendation and issued a final determination denying her benefits.  This CPLR article 78 proceeding ensued.

Retirement and Social Security Law § 507-b (a) provides for performance of duty disability retirement benefits to correction officers employed by the Department of Corrections and Community Supervision who are unable to perform their job duties "as the natural and proximate result of an injury, sustained in the performance or discharge of [their] duties by, or as a natural and proximate result of, an act of an inmate."  The statute does not specifically define an "act of an inmate."  The legislative history, however, reveals that "the statute was clearly intended to compensate correction officers who, because of the risks created by their 'daily contact with certain persons who are dangerous [and] profoundly antisocial' . . . become permanently disabled" (Matter of Kaler v DiNapoli, 86 AD3d 898, 899 [2011], lv denied 18 NY3d 808 [2012], quoting Governor's Mem approving L 1996, ch 722, 1996 McKinney's Session Laws of NY, at 1943; see Matter of Naughton v DiNapoli, 127 AD3d 137, 140-141 [2015]).  In accordance with this intent, courts have construed the language to require that the injuries be caused by direct interaction with an inmate in order to qualify for benefits under the statute (see Matter of Naughton v DiNapoli, 127 AD3d at 139; Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229 [2014], lv denied 24 NY3d 901 [2014]; Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lvs denied 3 NY3d 608 [2004]).

Petitioner contends that she had direct interaction with the inmate while she was lowering him to the floor during his seizure.  However, in analogous circumstances where a correction officer was injured while assisting an incapacitated inmate during a medical emergency, we held that the "inmate was not

engaged in any act that was a proximate cause of petitioner's
. . . injury" (<u>Matter of Esposito v Hevesi</u>, 30 AD3d 667, 668
[2006]).  Given the absence of any affirmative act on the part of
the inmate here, we perceive no meaningful distinction to be
drawn between this case and <u>Matter of Esposito v Hevesi</u> (<u>supra</u>).
In view of this, substantial evidence in the record supports
respondent's denial of petitioner's application on the basis that
her injuries were not the result of an act of an inmate under
Retirement and Social Security Law § 507-b.

     Egan Jr., J.P., Rose and Clark, JJ., concur.

     ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court