*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                521493
_____

In the Matter of RONALD DeMAIO,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as New York
    State Comptroller, et al.,
                    Respondents.
_____

Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Sherman, Federman, Sambur & McIntyre, New York City (Sean
Patrick Riordan of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's request for performance of duty disability
retirement benefits.

        Petitioner, a correction officer, applied for performance
of duty disability retirement benefits alleging that he was
injured while escorting an inmate away from an altercation
between the inmate and another correction officer during an
institutional search for contraband.  Petitioner claimed that, as
he escorted the inmate down stairs by holding onto the inmate's
right arm, the inmate pulled away from him, causing him to injure

his lower back.  The application was initially denied and petitioner requested a hearing and redetermination.  Following the hearing, the Hearing Officer upheld the initial denial, concluding that petitioner did not meet his burden of proof of establishing each and every element necessary to sustain his application and that the initial determination was supported by substantial evidence.  Respondent Comptroller accepted the findings and conclusions of the Hearing Officer, and this CPLR article 78 proceeding ensued.

The Hearing Officer's determination, which was adopted by the Comptroller, was affected by errors of law.  Specifically, the Hearing Officer improperly noted that the applicable standard of review was whether the initial determination was "supported by substantial evidence."  "[R]ather than a review of the initial determination, a hearing is conducted to allow the Comptroller to make a 'redetermination' with 'the same powers upon such hearing as upon the original application'" (Matter of Britt v DiNapoli, 91 AD3d 1102, 1103 [2012], quoting Retirement and Social Security Law § 74 [d]).

Moreover, the Hearing Officer's determination misstated the applicable burden.  Here, petitioner was required to establish that he is incapacitated from performing his work-related duties "as the natural and proximate result of an injury, sustained in the performance . . . of his or her duties by, or as the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a] [emphasis added]).  While we have repeatedly held that the statute requires that the petitioner demonstrate that his or her injuries were "caused by direct interaction with an inmate" (Matter of Perry v DiNapoli, 88 AD3d 1047, 1048 [2011] [internal quotation marks and citation omitted]; see Matter of Laurino v DiNapoli, 132 AD3d 1057, 1058 [2015]; Matter of Naughton v DiNapoli, 127 AD3d 137, 140-141 [2015]; Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229 [2014], lv denied 24 NY3d 901 [2014]), and have specified that such injuries must be caused by some "affirmative act on the part of the inmate" (Matter of Laurino v DiNapoli, 132 AD3d at 1059; see Matter of Esposito v Hevesi, 30 AD3d 667, 668 [2006]), there is no legal support for the Hearing Officer's enhancement of such burden by indicating that petitioner was required to demonstrate

"<u>an intentional overt</u> act of an inmate" (emphasis added).  Under these circumstances, and given the Comptroller's failure to recognize such errors prior to accepting the Hearing Officer's decision, we find that the determination must be annulled and the matter remitted to the Comptroller for a new hearing.

McCarthy, Egan Jr. and Lynch, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court