*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    522066
_____

In the Matter of SHEILA
    TRAXLER,
                        Petitioner,

            v                                MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

        Sherman, Federman, Sambur & McIntyre, New York City (Sean
Patrick Riordan of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's request for performance of duty disability
retirement benefits.

        Petitioner, a correction officer, applied for performance
of duty disability retirement benefits alleging that she was
permanently incapacitated due to work-related injuries to her
neck, back and shoulders, as well as chronic headaches, sustained
when a self-closing gate struck her after an inmate accidently
let go of it while petitioner was standing in the doorway.  The

application was initially denied, and petitioner requested a hearing and redetermination.  Following the hearing, the Hearing Officer upheld the denial, concluding that petitioner failed to establish that her injuries were the result of an act of an inmate.  Respondent Comptroller accepted the findings and conclusions of the Hearing Officer, and this CPLR article 78 proceeding ensued.

We annul.  Petitioner bore the burden of demonstrating that the incident in which she sustained her injuries was "the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]; see Matter of Naughton v DiNapoli, 127 AD3d 137, 139 [2015]; Matter of Marello v DiNapoli, 111 AD3d 1052, 1052 [2013]).  We have repeatedly held that "the statute requires that the petitioner demonstrate that his or her injuries were caused by direct interaction with an inmate" (Matter of Naughton v DiNapoli, 127 AD3d at 139 [internal quotation marks and citations omitted]; see Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229 [2014], lv denied 24 NY3d 901 [2014]).  Petitioner testified that, in June 2010, she was escorting three inmates to the female clothing room from the visiting room and instructed the inmates to line up against the wall prior to entering the clothing room.  Upon doing so, another correction officer informed petitioner that someone was calling for her, at which time petitioner turned to see who that person was.  At that moment, petitioner heard the gate to the clothing room unlock, and one of the inmates walked through the gate unsupervised and without permission.  Petitioner commanded the inmate to stop, but the inmate proceeded through the gate and then released the gate, causing it to close, strike and injure petitioner.  Although petitioner did not believe that the inmate intended to injure her and was aware that the self-closing of the gate was a normal and foreseeable result of the process of the unlocking and opening of the gate, the inmate, by disobeying petitioner's instruction to remain where she was standing, caused the gate to close and strike petitioner at the moment that the inmate released the gate.  Under these circumstances, there is no evidentiary basis in the record to conclude that petitioner's injuries did not occur "contemporaneously with, and flowed directly, naturally and proximately from, the inmate's" disobedient and affirmative act of opening and then releasing the

gate (<u>Matter of Naughton v DiNapoli</u>, 127 AD3d at 140; <u>compare</u>
<u>Matter of Arcuri v New York State & Local Retirement Sys.</u>, 291
AD2d 621, 622-623 [2002]).  Having determined that petitioner's
injury was a natural and proximate result of an act of an inmate,
the matter must be remitted for further proceedings on the issue
of the permanency of petitioner's alleged disability (<u>see</u>
Retirement and Social Security Law § 607-c [a]; <u>Matter of</u>
<u>Naughton v DiNapoli</u>, 127 AD3d at 141).

 Peters, P.J., Garry, Rose and Aarons, JJ., concur.

 ADJUDGED that the determination is annulled, without costs,
petition granted to that extent, and matter remitted to
respondent Comptroller for further proceedings not inconsistent
with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court