State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  August 25, 2016                    522491
_____

In the Matter of ROBERT
    BODENMILLER,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:  August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Sherman Federman Sambur & McIntyre, LLP, New York City
(Sean Patrick Riordan of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental disability retirement
benefits.

        Petitioner worked as a police officer for the Suffolk
County Police Department.  On August 4, 2010, he received a call
concerning a female patient who had left the grounds of a
psychiatric facility.  Petitioner found the woman at a nearby
fast food restaurant and, while he was questioning her, a man,
who appeared to be carrying a weapon and was yelling loudly,

rushed toward them.  In response, petitioner turned toward the man, extended his left arm and fired his weapon twice, striking the man.  Petitioner injured his left shoulder during the incident and subsequently filed an application for accidental disability retirement benefits.  His application was denied upon the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Petitioner requested a hearing and redetermination and, following further proceedings, a Hearing Officer upheld the denial, finding that the initial determination was supported by substantial evidence.  Respondent Comptroller adopted the Hearing Officer's decision with supplemental findings of fact, and this CPLR article 78 proceeding ensued.

Respondents concede, and we agree, that the Hearing Officer applied the incorrect legal standard in rendering her decision. Specifically, the Hearing Officer confined her analysis to whether the initial determination was supported by substantial evidence, rather than undertaking a "'redetermination'" and exercising "'the same powers upon such hearing as upon the original application'" (Matter of Britt v DiNapoli, 91 AD3d 1102, 1103 [2012], quoting Retirement and Social Security Law § 74 [d]).  As this Court recently noted in Matter of DeMaio v DiNapoli (137 AD3d 1545, 1545-1546 [2016]), such deficiency constitutes an error of law requiring annulment of the determination.  Accordingly, the determination is annulled, and the matter is remitted to the Comptroller for a new hearing.

Garry, J.P., Devine, Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court