# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 15, 2016          522974
_____

In the Matter of JESUS
   ECHEVARRIA,
               Petitioner,

    v                                MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
               Respondent.
_____

Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

Bartlett, McDonough & Monaghan, LLP, White Plains (Michael Catallo of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Peters, P.J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.

Petitioner filed an application for performance of duty disability retirement benefits in which he alleged a permanent disability from injuries sustained as a result of incidents that occurred on September 14, 2001, January 4, 2006, February 15, 2007 and January 2, 2010 while employed as a correction officer with the Department of Corrections and Community Supervision.

The application was initially denied, and petitioner requested a hearing and redetermination.  At the ensuing hearing, petitioner conceded that the incidents in 2006, 2007 and 2010 were not the "act[s] of an inmate" for purposes of obtaining benefits pursuant to Retirement and Social Security Law § 507-b.  With regard to the September 2001 incident, which involved a physical altercation with an inmate, the New York State and Local Employees' Retirement System conceded that petitioner is permanently disabled and that the incident was an "act of an inmate."  The only remaining contested issue was whether the injuries sustained during the incident are the natural and proximate cause of petitioner's disability.  Following the conclusion of the hearing, a Hearing Officer upheld the initial denial of his application for benefits, finding that petitioner did not meet his burden of establishing that the September 2001 incident was the natural and proximate result of his disability and that the initial determination was supported by substantial evidence.  Respondent adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.

Respondent concedes, and we agree, that the Hearing Officer's analysis and decision was affected by an error of law inasmuch as he misstated and applied the incorrect legal standard in rendering his decision.  Specifically, the Hearing Officer improperly analyzed whether the initial determination was supported by substantial evidence, "rather than undertaking a redetermination and exercising the same powers upon such hearing as upon the original application" (Matter of Bodenmiller v DiNapoli, 142 AD3d 752, 753 [2016] [internal quotation marks and citations omitted]; see Retirement and Social Security Law § 74 [d]; Matter of DeMaio v DiNapoli, 137 AD3d 1545, 1545-1546 [2016]).  Under these circumstances, given respondent's failure to recognize this error of law prior to adopting the Hearing Officer's decision, we conclude that the determination must be annulled and the matter remitted to respondent for a new hearing.

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court