In the Matter of JAMES K. McGOWAN, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [47 NYS3d 918]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for accidental disability retirement benefits.

Petitioner worked as a police officer for the Waterfront Commission of New York Harbor. In 2010, he applied for accidental disability retirement benefits, alleging that he was permanently incapacitated from performing his job duties as the result of a

work-related motor vehicle accident that occurred in 2005. His application was denied upon the ground that he was not permanently incapacitated from performing his duties as a police officer, and petitioner requested a hearing and redetermination. Following the hearing, the Hearing Officer upheld the denial, finding that petitioner had failed to meet his burden of establishing that he was permanently incapacitated from performing his job duties and that the initial determination was supported by substantial evidence. The Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.

Respondent concedes, and we agree, that the Hearing Officer misstated and applied the incorrect legal standard in rendering her decision. The record reflects that the Hearing Officer improperly analyzed whether the initial determination was supported by substantial evidence, "rather than undertaking a redetermination and exercising the same powers upon such hearing as upon the original application" (*Matter of Bodenmiller v DiNapoli*, 142 AD3d 752, 753 [2016] [internal quotation marks and citations omitted]; *accord Matter of Echevarria v DiNapoli*, 145 AD3d 1310, 1311 [2016]; *see* Retirement and Social Security Law § 74 [d]; *Matter of DeMaio v DiNapoli*, 137 AD3d 1545, 1545-1546 [2016]). In light of the foregoing, and given the Comptroller's failure to recognize this error of law prior to adopting the Hearing Officer's decision, the determination must be annulled and the matter remitted to the Comptroller for a new hearing.

McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision.