■ In the Matter of DWAYNE P. STEVENS, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [64 NYS3d 768]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.

In February 2012, petitioner, then a correction officer at Moriah Shock Correctional Facility, was supervising a group of inmates who were clearing brush at a local YMCA camp. During the course of this work detail, an inmate was attempting to break a branch by pulling it between two trees when he appeared to slip, allegedly causing the branch to "spring forward" and strike petitioner's right knee. In October 2014, petitioner applied for performance of duty disability retirement benefits, asserting that his disability was caused by the act of an inmate within the meaning of Retirement and Social Security Law § 507-b (a). Respondent New York State and Local Retirement System disagreed and denied the application, and petitioner requested a hearing and redetermination. Following that hearing, the Hearing Officer sustained the denial. Respondent Comptroller accepted the Hearing Officer's findings, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.

As the applicant, petitioner bore the burden of establishing—as a threshold matter—that his asserted incapacity "was the natural and proximate result of 'an act of any inmate'" (*Matter of Palmateer v DiNapoli*, 117 AD3d 1228, 1229 [2014],

*lv denied* 24 NY3d 901 [2014], quoting Retirement and Social Security Law § 507-b [a]; *see Matter of Laurino v DiNapoli*, 132 AD3d 1057, 1058 [2015]; *cf. Matter of White v DiNapoli*, 153 AD3d 1080, 1081 [2017]; *Matter of Traxler v DiNapoli*, 139 AD3d 1314, 1314 [2016]; *Matter of DeMaio v DiNapoli*, 137 AD3d 1545, 1546 [2016]). This Court—in the context of interpreting an analogous statute (*see* Retirement and Social Security Law § 607-c [a])—has held that, while the petitioner need not establish that the inmate engaged in "an intentional overt act," the statute nonetheless "requires that the petitioner demonstrate that his or her injuries were caused by direct interaction with an inmate, and [we] have specified that such injuries must be caused by some affirmative act on the part of the inmate" (*Matter of DeMaio v DiNapoli*, 137 AD3d at 1546 [internal quotation marks, emphasis and citations omitted]; *see Matter of White v DiNapoli*, 153 AD3d at 1081; *Matter of Traxler v DiNapoli*, 139 AD3d at 1314; *see also Matter of Hernandez v New York City Employees' Retirement Sys.*, 148 AD3d 706, 708 [2017]). The Comptroller's determination, if supported by substantial evidence in the record as a whole, will not be disturbed (*see Matter of Laurino v DiNapoli*, 132 AD3d at 1059; *Matter of Mruczek v McCall*, 299 AD2d 638, 639 [2002]; *Matter of Dean v McCall*, 270 AD2d 625, 626 [2000]).

Petitioner testified that, on the day in question, he observed a particular inmate attempting to break a tree limb by pulling it between two trees. According to petitioner, he ordered the inmate to stop and, as he approached the inmate to demonstrate the proper technique, the inmate "pulled the log back again[,] . . . made it look like his feet slipped . . . and . . . let go of the log," causing the branch to strike petitioner's right knee and leading petitioner to conclude that he "got set up." However, the accident and investigative reports—completed shortly after the incident, endorsed by petitioner and admitted into evidence without objection at the hearing—made no mention of petitioner ordering the inmate to stop, nor did those reports otherwise suggest that the inmate had committed a volitional act. Rather, both the subject reports, the contents of which petitioner did not dispute, as well as petitioner's application for performance of duty disability retirement benefits, merely indicated that as the inmate was pulling on the tree branch, his feet slipped, causing him to let go of the branch.* Although petitioner testified that the offending branch struck

---

* Those same reports concluded that petitioner failed to properly instruct and supervise the inmates—particularly with respect to the manner in which tree branches were to be cut.

his right knee, causing it to hyperextend, certain of the remaining inmates comprising the work crew were interviewed following the incident, and each of those inmates denied that the branch struck petitioner—indicating instead that the branch fell "straight down to the ground."

In denying petitioner's application for benefits, the Hearing Officer expressly discredited petitioner's claim that the inmate disobeyed a direct order, thus distinguishing this matter from our decision in *Matter of Traxler v DiNapoli* (139 AD3d at 1315). The Hearing Officer also found—upon considering all of the evidence—"that the branch hit the ground and not [petitioner]," leading the Hearing Officer to conclude "that the alleged accident was not caused by any direct interaction with an inmate." Although petitioner provided contrary testimony, any "inconsistencies between a petitioner's sworn testimony and written documents present a credibility issue for the factfinder to resolve" (*Matter of Hernandez v New York City Employees' Retirement Sys.*, 148 AD3d at 707 [internal quotation marks, brackets and citations omitted]; *accord Matter of Naughton v DiNapoli*, 127 AD3d 137, 139 [2015]; *see Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d 1341, 1342 [2011]).

To the extent that petitioner's challenge to the quality of the proof adduced at the hearing is preserved for our review, we find it to be unpersuasive. "[A]n administrative determination may be based entirely upon hearsay evidence"—even where there is sworn testimony to the contrary—"provided such [hearsay] evidence is sufficiently relevant and probative or sufficiently reliable and is not otherwise seriously controverted" (*Matter of Watson v New York State Justice Ctr. for the Protection of People with Special Needs*, 152 AD3d 1025, 1027 [2017] [internal quotation marks and citations omitted]). Here, the Hearing Officer (and ultimately the Comptroller) chose to credit the contemporaneous and investigative documentary evidence over petitioner's sworn testimony. As it is not the role of this Court to weigh the evidence and substitute its judgment for that of the administrative factfinder (*see id.* at 1026-1027; *Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd.*, 149 AD3d 1236, 1238 [2017]), and inasmuch as the record as a whole contains substantial evidence to support the denial of petitioner's application for benefits, the Comptroller's determination will not be disturbed.

McCarthy, J.P., Lynch, Rose and Rumsey, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.