Matter of DeMaio v DiNapoli (2018 NY Slip Op 02707)





Matter of DeMaio v DiNapoli


2018 NY Slip Op 02707


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525727

[*1]In the Matter of RONALD DeMAIO, Petitioner,
v
HOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


McIntyre, Donohue, Accardi, Salmonson, & Riordan, New York City (David Christopher Donohue of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


Aarons, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner worked as a correction officer at a county correctional facility. On March 14, 2011, following a physical altercation between an inmate and another correction officer, petitioner escorted the inmate down a stairway and was holding his right arm when the inmate attempted to break free, pulling petitioner forward and causing him to injure his back. As a result of this injury, he was unable to continue working as a correction officer and filed an application for performance of
duty disability benefits under Retirement and Social Security Law § 607-c. Respondent Comptroller denied the application, but the determination was subsequently annulled and the matter remitted for further proceedings (137 AD3d 1545 [2016]). On remittal, the Hearing Officer concluded that petitioner did not meet his burden of proving that his injury was due to the act of an inmate, as required by the statute (see Retirement and Social Security Law § 607-c [a]), and recommended that his application be denied. The Comptroller adopted the Hearing Officer's recommendation and denied petitioner's application. This CPLR article 78 proceeding ensued.
As a threshold matter, petitioner bore the burden of establishing that his incapacity "'was the natural and proximate result of any act of any inmate'" (Matter of Traxler v DiNapoli, 139 [*2]AD3d 1314, 1314 [2016], quoting Retirement and Social Security Law § 607-c [a]; see Matter of Stevens v DiNapoli, 155 AD3d 1294, 1294-1295 [2017]). This requires a showing that the injury was caused by "direct interaction with an inmate," or more specifically "some affirmative act on the part of the inmate" (Matter of DeMaio v DiNapoli, 137 AD3d 1545, 1546 [2016] [internal quotation marks and citations omitted]; see Matter of Stevens v DiNapoli, 155 AD3d at 1295).
Petitioner testified that, during a shakedown of the facility, he was searching an inmate's cell when he observed the inmate engaged in a physical struggle with the correction officer who had removed him from the cell. He stated that he intervened, took control of the inmate by grabbing his right arm and proceeded to escort him out of the area. He stated that he continued to hold the inmate's right arm as he escorted him down a stairway, but that the inmate "pulled away to try to break away," launching petitioner forward and down the stairs. According to petitioner, this caused him to slide down three of the stairs and to land on his buttocks, injuring his back. Although the correction officer involved in the struggle did not witness petitioner escort the inmate down the stairway, he noted in his written report of the incident that, when petitioner returned, he related that he injured his back when the inmate attempted to pull away from him while being escorted down the stairs.
In view of the foregoing, the operative event causing petitioner's injury was the inmate's action in trying to break free of petitioner's hold while descending the stairs following a physical altercation with another correction officer. This is an affirmative act of an inmate of the type that the Legislature intended to be covered by Retirement and Social Security Law § 607-c (see Matter of Traxler v DiNapoli, 139 AD3d at 1315 [2016]; Matter of Naughton v DiNapoli, 127 AD3d 137, 140-141 [2015]; compare Matter of Laurino v DiNapoli, 132 AD3d 1057, 1058-1059 [2015]; Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229-1230 [2014], lv denied 24 NY3d 901 [2014]). Although any inconsistencies between petitioner's testimony and written documents present a credibility issue for the Hearing Officer's resolution (see Matter of Koziuk v New York State Comptroller, 78 AD3d 1458, 1460 [2010]), contrary to the Hearing Officer's findings, the documentary evidence in the record does not disclose inconsistencies that render petitioner's testimony incredible (see e.g. Matter of Stevens v DiNapoli, 155 AD3d at 1296; Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707-708 [2017]). The documents at issue reference the fact that petitioner's injury occurred while he was escorting petitioner out of the housing area and/or down the stairs. Although they do not set forth the details of the incident as related by petitioner during his testimony, they do not contradict petitioner's verison of the event. Accordingly, we conclude that substantial evidence does not support the determination and it must be annulled.
Garry, P.J., Egan Jr., Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.