Matter of Martin v New York State Comptroller (2018 NY Slip Op 03580)





Matter of Martin v New York State Comptroller


2018 NY Slip Op 03580


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525315

[*1]In the Matter of JOSEPH A. MARTIN, Petitioner,
v
NEW YORK STATE COMPTROLLER et al., Respondents.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Barbara D. Underwood, Acting Attorney General, Albany (William E. Storrs of counsel), for respondents.


Lynch, J.P.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a county correction officer assigned to the transportation unit, filed an application for performance of duty disability retirement benefits (see Retirement and Social Security Law § 607-c) contending that he was permanently disabled as a result of, among other things, an injury to his neck. Specifically, petitioner asserted that he sustained disabling
injuries in June 2012 when the fully shackled inmate that he was assisting fell upon exiting a transport van and landed on top of him. Respondent New York State and Local Employees' Retirement System denied petitioner's application upon the ground that his alleged disability "was not the result of an act of any inmate." Following a hearing and redetermination, the Hearing Officer upheld the denial, finding that "the inmate's act of slipping and falling on [petitioner] while exiting the van . . . [did] not constitute 'an act of an inmate' as that term is used in [Retirement and Social Security Law] § 607-c." Respondent Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
As the applicant, petitioner was required to establish that his alleged incapacity "was 'the natural and proximate result of any act of any inmate'" (Matter of White v DiNapoli, 153 [*2]AD3d 1080, 1081 [2017], quoting Retirement and Social Security Law § 607-c [a]; see Matter of Traxler v DiNapoli, 139 AD3d 1314, 1314 [2016]; Matter of Parish v DiNapoli, 89 AD3d 1315, 1316 [2011]). To that end, petitioner had to demonstrate that his claimed injuries "were caused by direct interaction with an inmate" and, further, were "caused by some affirmative act on the part of the inmate" (Matter of DeMaio v DiNapoli, 137 AD3d 1545, 1546 [2016] [internal quotation marks and citations omitted]; see Matter of Stevens v DiNapoli, 155 AD3d 1294, 1295 [2017]; Matter of Traxler v DiNapoli, 139 AD3d at 1315), i.e., some sort of volitional or disobedient act (compare Matter of Traxler v DiNapoli, 139 AD3d at 1315, with Matter of Stevens v DiNapoli, 155 AD3d at 1295-1296, and Matter of Laurino v DiNapoli, 132 AD3d 1057, 1058-1059 [2015], and Matter of Esposito v Hevesi, 30 AD3d 667, 668 [2006]). This petitioner failed to do.
Petitioner, who had been transporting inmates for 20 years and was aware that there was "a good possibility" that an inmate would slip upon exiting the transport van, testified that, as the fully shackled inmate exited the van on the day in question, "[h]e completely [went] over." Petitioner attributed the inmate's fall to either the inmate slipping and losing his footing or the inmate's shackles catching on something as he exited the van. In describing the incident, petitioner testified, "[W]hen [the inmate] came out of the vehicle, it was spontaneous. I believe that the chains from his shackle[s] somehow got caught up on the latch, . . . I believe the chain must have hit that. He completely [went] over." Upon further inquiry, petitioner acknowledged that other inmates had fallen under similar circumstances in the past, i.e., due to the shackles catching on part of the exit door, stating, "It doesn't happen often but it does happen." Noticeably absent from petitioner's testimony — and the record as a whole — is any indication that the inmate, upon exiting the van, disobeyed a direct order, failed to comply with any policy or procedure or otherwise engaged in any sort of affirmative act that, in turn, proximately caused petitioner's injuries (see Matter of Traxler v DiNapoli, 139 AD3d at 1315; Matter of Laurino v DiNapoli, 132 AD3d at 1059). As losing one's footing — without more — does not constitute an affirmative act (see Matter of Stevens v DiNapoli, 155 AD3d at 1295-1296), petitioner's application was properly denied. Petitioner's remaining arguments, including his assertion that the Comptroller engaged in an unexplained departure from prior precedent, have been examined and found to be lacking in merit.
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.