Matter of Walsh v New York State Comptroller (2018 NY Slip Op 03883)





Matter of Walsh v New York State Comptroller


2018 NY Slip Op 03883


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

525316

[*1]In the Matter of PATRICIA WALSH, Petitioner,
v
NEW YORK STATE COMPTROLLER et al., Respondents.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondents.


Devine, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a county correction officer, applied for performance of duty disability retirement benefits (see Retirement and Social Security Law § 607-c) contending that she was permanently disabled due to injuries sustained in March 2012 when the intoxicated inmate that she was transporting stumbled and fell on her. Her application was denied on the ground that
her alleged disability "was not the result of an act of any inmate." Following a hearing and redetermination, the Hearing Officer agreed and recommended upholding the denial. Respondent Comptroller accepted the Hearing Officer's decision with supplemental conclusions of law, and this CPLR article 78 proceeding ensued.
The underlying facts are not in dispute. Petitioner and another correction officer were dispatched to a local courthouse to pick up an unruly inmate, who was either "intoxicated or high on drugs." The inmate was handcuffed and was sufficiently impaired that she could not walk up stairs and needed assistance to navigate the two steps leading into the back of the transport van. When the trio arrived at the local jail, the inmate was unable to stand on her own and required petitioner's assistance to get on her feet. The inmate attempted to exit the transport van on her [*2]own, at which point she fell forward and landed on petitioner, who was trying to break the inmate's fall. The inmate thereafter struggled to get off of petitioner but made no attempt to punch or kick petitioner.
Petitioner, as the applicant, bore the burden of demonstrating that her alleged incapacity "was 'the natural and proximate result of any act of any inmate'" (Matter of White v DiNapoli, 153 AD3d 1080, 1081 [2017], quoting Retirement and Social Security Law § 607-c [a]; see Matter of Traxler v DiNapoli, 139 AD3d 1314, 1314 [2016]). The phrase "any act of any inmate" is not statutorily defined (Retirement and Social Security Law § 607-c [a]), but we have interpreted this language to require a showing that the claimed injuries "were caused by direct interaction with an inmate" and, further, were "caused by some affirmative act on the part of the inmate" (Matter of DeMaio v DiNapoli, 137 AD3d 1545, 1546 [2016] [internal quotation marks and citations omitted]; accord Matter of Stevens v DiNapoli, 155 AD3d 1294, 1295 [2017]; see Matter of Traxler v DiNapoli, 139 AD3d at 1315). An "affirmative act" need not be intentionally aimed at the officer (see Matter of DeMaio v DiNapoli, 137 AD3d at 1546), but does need to be volitional or disobedient in a manner that proximately causes his or her injury (see Matter of Stevens v DiNapoli, 155 AD3d at 1295-1296; Matter of Traxler v DiNapoli, 139 AD3d at 1315; Matter of Laurino v DiNapoli, 132 AD3d 1057, 1058-1059 [2015]; Matter of Esposito v Hevesi, 30 AD3d 667, 668 [2006]).
Here, there is no question that petitioner sustained her claimed injuries while attempting to assist the subject inmate in exiting the transport van, i.e., through direct interaction with an inmate. Petitioner's injuries did not, however, "occur[] contemporaneously with, and flow[] directly, naturally and proximately from, . . . [any] disobedient and affirmative act" on the part of the inmate (Matter of Traxler v DiNapoli, 139 AD3d at 1315 [internal quotation marks and citation omitted]; see Matter of Stevens v DiNapoli, 155 AD3d at 1295-1296). Indeed, by all accounts, the inmate in question could barely walk or stand unassisted (cf. Matter of Laurino v DiNapoli, 132 AD3d at 1058-1059; Matter of Esposito v Hevesi, 30 AD3d at 668), and the hearing testimony reflects that she simply lost her footing and fell (see Matter of Stevens v DiNapoli, 155 AD3d at 1295-1296). While petitioner makes much of the fact that her job duties included insuring the subject inmate's safety, "[t]he mere fact that . . . petitioner was injured while she was in the presence of an inmate, or while she was engaged in providing a service for the benefit of an inmate, is insufficient, without more, to satisfy the statutory standard" (Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 708 [2017]). Petitioner's remaining contentions, including her assertion that the Comptroller engaged in an unexplained departure from prior precedent, have been examined and found to be lacking in merit. Accordingly, the determination is confirmed.
Lynch, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.