Matter of Garcia v DiNapoli (2018 NY Slip Op 06602)





Matter of Garcia v DiNapoli


2018 NY Slip Op 06602


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

526168

[*1]In the Matter of TROY GARCIA, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Bartlett LLP, White Plains (Marcus E. Gauthier of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a county correction officer, applied for performance of duty disability retirement benefits (see Retirement and Social Security Law § 607-c) contending that he is permanently disabled due to injuries sustained in June 2013 when he tripped and fell while descending stairs within the facility while preparing to move inmates outside to the recreation yard. Petitioner's application was denied on the ground that his alleged disability "was not the result of an act of any inmate." Following a hearing and redetermination, a Hearing Officer sustained the denial. Respondent accepted the findings and conclusions of law set forth in the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We annul. Petitioner, as the applicant, is required to establish that the alleged incapacity was "the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]; see Matter of Walsh v New York State Comptroller, 161 AD3d 1495, 1496 [2018], lv granted ___ NY3d ___ [Sept. 18, 2018]; Matter of Martin v New York State Comptroller, 161 AD3d 1418, 1418 [2018]; Matter of White v DiNapoli, 153 AD3d 1080, 1081 [2017]). "To that end, petitioner had to demonstrate that his claimed injuries were caused by direct interaction with an inmate and, further, were caused by some affirmative act on the part of the inmate" (Matter of Martin v New York State Comptroller, 161 AD3d at 1418 [internal quotation marks and citations omitted]; see Matter of Stevens v DiNapoli, 155 AD3d 1294, 1295 [2017]). Although an affirmative act does not need to be intentionally directed at the correction officer, it must be more than "a benign chore routinely performed in penal institutions by inmates" (Matter of Kaler v DiNapoli, 86 AD3d 898, 899 [2011], lv denied 18 NY3d 808 [2012]; [*2]accord Matter of Parish v DiNapoli, 89 AD3d 1315, 1316 [2011]) and "does need to be volitional or disobedient in a manner that proximately causes his or her injury" (Matter of Walsh v New York State Comptroller, 161 AD3d at 1496; see Matter of Martin v New York State Comptroller, 161 AD3d at 1418). If respondent's determination is supported by substantial evidence in the record, it will not be disturbed (see e.g. Matter of Stevens v DiNapoli, 155 AD3d at 1295).
Petitioner testified that, as a correction officer, he daily performs a recreation movement, which involves preparing a group of inmates to go outside into the recreation yard for exercise. To do so, petitioner assembles the inmates by a door at the top of a staircase and then opens that door. While the inmates wait at that door, petitioner descends the stairs alone to secure the recreation yard while another correction officer stays with the inmates. Upon arriving at the bottom of the stairs, petitioner yells to the inmates to come down the stairs for outdoor recreation and performs a head count of the inmates as they run down the stairs and go past him to go outside. On the day of the incident in question, petitioner was performing a routine recreation movement consistent with the foregoing procedures. As he descended the stairs, he heard footsteps behind him and, when he turned around to look, he "saw an inmate right on [his] back" running down the stairs about two steps behind him. Upon unexpectedly seeing the inmate, petitioner became "scared," missed a step and grabbed a railing with his arm but continued to fall to the ground, resulting in his injuries. Petitioner testified that, although the inmate did not make physical contact with him until assisting him off the ground after he fell, the inmate should not have been on the stairs at that time, as petitioner had not yet given the command to the inmates to descend the stairs. Petitioner further explained that this incident had never happened before and that inmates are always required to wait for his command before descending the stairs and entering the recreation yard.
Under these circumstances, we find that petitioner has demonstrated that the injuries that he sustained from his fall occurred "contemporaneously with, and flowed directly, naturally and proximately from, the inmate's" disobedient and affirmative act of descending down the stairs unexpectedly prior to receiving permission to do so (Matter of Naughton v DiNapoli, 127 AD3d 137, 140 [2015]; see Matter of Traxler v DiNapoli, 139 AD3d 1314, 1315 [2016]). Although "losing one's footing — without more — does not constitute an affirmative act" (Matter of Martin v New York State Comptroller, 161 AD3d at 1419), petitioner's misstep and fall flowed directly, naturally and proximately from the inmate's act of being out of place without permission and startling petitioner by running down the stairs (see Matter of Traxler v DiNapoli, 139 AD3d at 1315; compare Matter of Stevens v DiNapoli, 155 AD3d at 1296). Having determined that petitioner's injury was a natural and proximate result of an act of an inmate, the matter must be remitted for further proceedings on the issue of the permanency of petitioner's alleged disability (see Retirement and Social Security Law § 607-c [a]; Matter of Traxler v DiNapoli, 139 AD3d at 1315; Matter of Naughton v DiNapoli, 127 AD3d at 141).
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.