Matter of Zanchelli v DiNapoli (2021 NY Slip Op 05381)





Matter of Zanchelli v DiNapoli


2021 NY Slip Op 05381


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

532892
[*1]In the Matter of Michael Zanchelli, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner, an equipment operator, applied for disability retirement benefits in August 2017 alleging that he was permanently incapacitated from performing his job duties as a result of injuries he suffered to his shoulder in a fall at work on October 19, 2016. The application was initially denied on the grounds that petitioner had less than 10 years of service credit and had not established that the 2016 incident constituted an accident within the meaning of Retirement and Social Security Law § 605 (b) (3). Petitioner requested a hearing and redetermination and, following a hearing, the Hearing Officer upheld the denial. Upon review, respondent adopted the Hearing Officer's decision, and petitioner then commenced this CPLR article 78 proceeding.
We confirm. Given that petitioner concededly did not have 10 years of service credit when he applied for disability retirement benefits in 2017, he bore the burden of establishing that he "was physically or mentally incapacitated for [the] performance of gainful employment as the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties" (Retirement and Social Security Law § 605 [b] [3]; see Matter of Bell v DiNapoli, 168 AD3d 1206, 1207 [2019]; Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580 [2016], lv denied 28 NY3d 906 [2016]). For purposes of the Retirement and Social Security Law, "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]; see Matter of Loia v DiNapoli, 164 AD3d 1513, 1514 [2018]; Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018]). Although the focus is on the "precipitating cause of injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks, brackets and citation omitted]), "an injury [that] occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (id. at 681 [internal quotation marks and citation omitted]; accord Matter of Bell v DiNapoli, 168 AD3d at 1207).
Petitioner testified that, on the day in issue, while working with a crew of six other laborers repairing a road, he went into the bed of their utility truck containing tools to get a rake, entering through the rear doors of the truck. According to petitioner, he retrieved the rake and, while exiting through the rear opening of the truck bed with his back facing the street, descending backward, he stepped on a handheld saw left on the ground by a coworker and fell, injuring his shoulder. [*2]He reported the incident to his supervisor, who prepared an accident report the following day. However, the report recounted that, "while getting out of the truck, [petitioner] took a few steps and fell over the demo saw," injuring his shoulder.
The Hearing Officer and respondent credited the description of the incident in the earlier May 2016 report over petitioner's contrary testimony provided in September 2018, and we accord deference to that credibility assessment (see Matter of Harris v New York State & Local Retirement Sys., 191 AD3d 1085, 1086 [2021]; Matter of Buckshaw v DiNapoli, 169 AD3d 1139, 1141 [2019], lv denied 33 NY3d 904 [2019]). Under these circumstances, substantial evidence supports the Comptroller's determination that petitioner's trip and fall over tools while walking away from the truck after retrieving tools, a task he testified he had performed "a hundred times," was a risk inherent in his job duties and occurred as a result of his performance of routine employment duties, and did not involve an unexpected event or hidden danger (see Matter of Kelly v DiNapoli, 30 NY3d at 684; Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1305 [2020]; Matter of Bell v DiNapoli, 168 AD3d at 1208; compare Matter of Lewis v New York State Comptroller, 176 AD3d 1545, 1546-1547 [2019]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, respondent's determination is confirmed.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.