Matter of Wright v DiNapoli (2025 NY Slip Op 02385)

Matter of Wright v DiNapoli

2025 NY Slip Op 02385

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-24-0529
[*1]In the Matter of Gary Wright, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:March 27, 2025

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Jacob Schwartz of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Mackey, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a correction officer, filed an application for performance of duty disability retirement benefits alleging that he was permanently disabled from the performance of his duties as the result of incidents that occurred in January 2018, June 2019 and February 2020. Petitioner's application was denied upon the ground that his alleged disability "was not the result of an act of any [incarcerated individual] or person confined in an institution under the jurisdiction of" either the Department of Corrections and Community Supervision or the Office of Mental Health. Following a hearing and redetermination, during the course of which petitioner withdrew the January 2018 and June 2019 incidents from consideration, the Hearing Officer upheld the denial of petitioner's application finding, among other things, that the contemporaneous reports prepared with respect to the February 2020 incident "describe[d] a routine mishap rather than an act of an [incarcerated individual]." Upon administrative review, respondent affirmed the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
As the applicant, petitioner bore the burden of establishing that his asserted incapacity "was the natural and proximate result of 'an act of any [incarcerated individual]' " (Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229 [3d Dept 2014], lv denied 24 NY3d 901 [2014], quoting Retirement and Social Security Law § 507-b [a]; accord Matter of Stevens v DiNapoli, 155 AD3d 1294, 1295 [3d Dept 2017]; see Matter of Laurino v DiNapoli, 132 AD3d 1057, 1058 [3d Dept 2015]; cf. Matter of Walsh v New York State Comptroller, 34 NY3d 520, 527 [2019]). "Credibility determinations, as well as the resolution of any inconsistencies between the hearing testimony and documentary evidence, are matters for the Hearing Officer and respondent to resolve" (Matter of Bornholz v DiNapoli, 225 AD3d 1079, 1081 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Zanchelli v DiNapoli, 198 AD3d 1058, 1059 [3d Dept 2021]). Respondent's determination, if supported by substantial evidence in the record as a whole, will not be disturbed (see Matter of Stevens v DiNapoli, 155 AD3d at 1295).
At the time of his injury, petitioner was stationed in a tower overlooking, as relevant here, the facility's laundry dock. The tower was accessed through a series of gates, stairs and — ultimately — a trapdoor that, petitioner testified, could only be opened by the correction officer inside the tower itself. On the day in question, petitioner saw the relief correction officer approach the tower and, in anticipation of the scheduled shift change, petitioner opened [*2]the trapdoor on the floor of the tower. The trapdoor was surrounded by a raised frame that, according to petitioner, was broken and had been the subject of "many work orders." As petitioner was awaiting the arrival of the relief officer, a transport vehicle containing incarcerated individuals pulled up near the laundry dock, and petitioner heard loud voices outside of the tower. Concerned that the incarcerated individuals on the transport vehicle and the incarcerated individuals present on the laundry dock could be members of "rival gang[s]," petitioner moved to step outside the tower to get a better look; as he did so, petitioner tripped and fell through the trapdoor. According to petitioner, the incident occurred because he was focused on responding to a potential security threat located approximately 40 feet away.
The Hearing Officer expressly discredited petitioner's account of the incident — noting that none of the contemporaneous reports or memorandums prepared in connection with petitioner's fall made mention of or reference to an act of an incarcerated individual.[FN1] Absent evidence that petitioner's asserted disability "was the natural and proximate result of an act of any [incarcerated individual]" (Matter of Palmateer v DiNapoli, 117 AD3d at 1228 [internal quotation marks and citation omitted]), which the Hearing Officer appropriately characterized as "the key element" of petitioner's case, the Hearing Officer attributed petitioner's fall to a "routine mishap" and denied his application for benefits. As this finding is supported by substantial evidence, respondent's resulting determination is confirmed.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Although certain of these documents are difficult to decipher, petitioner's own accounts of the incident fail to reference an act of an incarcerated individual.